UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case Nos.: 3:05-CR-100 JD |
| | 3:22-CV-418 JD |
| BRIAN RAMON GEORGE | |

**OPINION AND ORDER**

Defendant Brian George filed a motion under 28 U.S.C. § 2255, arguing that the Court violated his constitutional rights when it revoked his supervised release and imposed a sentence consecutive to a yet-not-imposed state court sentence. As explained below, the Court will dismiss the motion.

**A. Factual Background**

The facts relevant to Mr. George's motion are well established through the appeals he has taken to the Seventh Circuit.

> [Mr. George] was convicted in 2007 of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 57 months' imprisonment and two years' supervised release. He completed that initial prison term in July 2010, but twice the district court has sent George back to prison after he violated conditions of his supervised release. The first time, in 2011, the court reimprisoned George for 9 months to be followed by another year of supervised release. Then in October 2013—a week before the new term of supervised release would have expired— George was arrested by Indiana authorities for possessing and selling cocaine. His probation officer immediately petitioned for an order revoking George's supervised release, but that petition was held in abeyance until after he was found guilty in state court. In March 2016 the district court revoked the term of supervised release and reimprisoned George for 24 months.[1] He filed a notice of appeal but his newly

---

[1] For the drug-dealing offense, Mr. George was sentenced by the state court to 42 years of imprisonment, after this Court's revocation of supervised release.

appointed lawyer assert[ed] that the appeal was frivolous and [sought] to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

*United States v. George*, 672 F. App'x 602, 603 (7th Cir. 2017).[2]

Among other things, Mr. George complained on appeal that his 24-month sentence consecutive to a yet-not-imposed state court sentence was unreasonable, but the Court of Appeals affirmed without difficulty. It found that this Court "took into account that George faced up to 50 years' imprisonment on the state charges, but still . . . concluded that a term of 24 months to run consecutively to the state sentence was necessary to deter George. We would not find this term to be plainly unreasonable." *George I*, 672 F. App'x at 604.

"Three years later, in 2020, George sent [this Court] a 'motion for relief from judgement . . . pursuant to [Federal Rule of Civil Procedure 60(b)(5) and (6) . . . .'" *United States v. George*, No. 21-1671 at *2 (7th Cir. May 24, 2022).[3] This motion sought a declaration from the district court that George had completed his 24-month federal sentence—in other words, that the state and federal sentences were concurrent, despite the district court's original order designating them as consecutive." *Id*. After explaining that the Federal Rules of Civil Procedure do not apply in criminal proceedings and that—but for a few exceptions—a judge may not modify the sentence after it is imposed, this Court denied the motion in November 2020. To the extent that Mr. George was seeking credit for time served, the Court instructed him to first exhaust administrative remedies with the Bureau of Prisons. *Id*; (*see also* DE 73 at 2).

Seven weeks later, Mr. George filed a second motion, purportedly under Civil Rule 60(b). "This time he argued that the district court had lacked authority to order his federal

---

[2] The Court will refer to this case as *George I*.

[3] The Court will refer to this case as *George II*.

2

sentence to run consecutively to a not-yet imposed state sentence." *Id*. He also asked the Court to order the Bureau of Prisons to designate his state prison as his place of federal confinement and to remove an order of detainer that the Bureau of Prisons had lodged with Indiana prisons. *Id*.

"In February 2021, [this Court] denied the second motion, again explaining that the rules of civil procedure did not apply in criminal cases and that George had to seek relief from the Bureau of Prisons before challenging any credit determination under [28 U.S.C.] § 2241." *Id*.

"Forty-five days later, [this Court] received George's notice of appeal and a request to reopen or extend any appellate deadlines." *Id.* Whether George's notice of appeal is timely depended on whether his second motion was criminal or civil in nature. If the motion was criminal in nature, Mr. George had 14 days to appeal; if the motion was civil in nature—such as a collateral attack under 28 U.S.C. § 2255 or 2241—then he had 60 days to appeal. *Id.*

On appeal, the Government maintained that the motion was criminal in nature, but the Court of Appeals agreed with Mr. George, finding that it was "best understood as seeking post-conviction relief." *Id.* at *3. The Court of Appeals found that it was "a miscaptioned motion under 28 U.S.C. § 2255." *Id*. Accordingly, the court found the appeal to be timely but denied the certificate of appealability "because [Mr. George] has made no substantial showing of the denial of a constitutional right." *Id.*

Specifically, the Court of Appeals found that this Court committed no error in imposing a consecutive sentence and, to the extent that his motion can be construed under § 2241, it lacks merit:

> The district court had the authority to order George's sentence to run consecutive to his yet-to-be-imposed sentence. *See Setser v. United States*, 566 U.S. 231, 236–37 (2012). George argues that the sentencing guidelines require the imposition of a concurrent federal sentence in these circumstances. U.S.S.G. § 5G1.3(c). But the district court was not bound by the Guidelines, and, as we explained to George in our order dismissing his direct appeal, the court considered the prospect of a lengthy

3

> state prison term but still concluded that the consecutive federal sentence "was necessary to deter George." *George [I]*, 672 F. App'x at 604.
>
> To the extent that George's district-court filings are better understood as arising under 28 U.S.C. § 2241, George does not argue that he has exhausted his administrative remedies with the Bureau. And, in any event, his argument is meritless because the Bureau has no authority to defy a federal court order instructing it to run George's federal sentence consecutive to his state sentence.

*Id.*

Two days after the Seventh Circuit ruled, Mr. George filed the present § 2255 motion, effectively seeking to make his federal sentence concurrent with his state sentence. (DE 81.) He again argues that, under 18 U.S.C. § 3584 and U.S.S.G. §§ 5G1.3 as well as § 7B1.3(f), the Court erred in his revocation proceedings by running his federal term consecutively to his state term. (DE 81 at 4-9.)

### B.  Legal Standard

Section 2255(a) of Title 28 provides that a federal prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [and] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

The Seventh Circuit has recognized that § 2255 relief is appropriate only for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (citation omitted). Further, "a Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (citation

omitted). Relief under § 2255 is extraordinary because it seeks to reopen the criminal process to a person who has already had an opportunity of full process. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). A court may also deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### C. Discussion

#### (1) *Mr. George's Motion under § 2255 is Untimely*

A Section 2255 motion generally must be filed within one year of the defendant's judgment of conviction becoming final. 28 U.S.C. § 2255(f)(1). When a defendant appeals his conviction but does not seek certiorari, the conviction is final when the time for seeking Supreme Court review expires, that is 90 days. *Clay v. United States*, 537 U.S. 522, 525 (2003). "A petitioner who files after that limitation period has expired is out of luck, with a limited exception—equitable tolling." *Ademiju v. United States*, 999 F.3d 474, 477 (7th Cir. 2021).

> Equitable tolling is an extraordinary remedy that is rarely granted. A habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. The extraordinary-circumstance prong is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond [his] control.

*Id.* (brackets, quotation marks, and citations omitted).

The Seventh Circuit dismissed Mr. George's direct appeal and entered judgment on January 12, 2017. (DE 63.) Mr. George then had until April 12, 2017, to petition the Supreme Court for certiorari, which he did not. *See* U.S. S.Ct. Rule 13(1). Consequently, Mr. George had until April 12, 2018, to file a § 2255 motion, making his current motion more than 4 years late.

In his motion, Mr. George states that "grounds for relief are jurisdictional and not subject to the 1 year time limit" (DE 81 at 12), but does not otherwise argue that the deadline should be equitably tolled for that entire time. Nor is there a basis for that extraordinary relief, as he has not shown that he diligently pursued his rights or an exceptional circumstance beyond his control prevented timely filing. In short, Mr. George's motion is untimely.

**(2)** *Successive Collateral Challenge*

Section 2255 gives a federal prisoner just one opportunity to challenge a conviction and sentence following a direct appeal. *See* 28 U.S.C. § 2255(a), (h). If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it. See 28 U.S.C. §§ 2244(a)-(b), 2255(h). Without authorization from the court of appeals the district court has no jurisdiction to hear the petition. *Suggs v. United States*, 705 F.3d 279, 282 (7th Cir. 2013) (citing *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007)); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals"). Regardless of its label, an earlier filing in the same court counts as a § 2255 motion if, in substance, it seeks relief "within the scope of § 2255." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). When a pro se prisoner calls a filing something other than a § 2255 motion, the district court needs to warn the prisoner before "recharacterizing" it as a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 383 (2003). That requirement aims to avoid "surpris[ing] a legal novice" that a filing he thought was something else may instead count as his one chance at collateral review. *Melton*, 359 F.3d at 857.

6

Mr. George's January 2021 motion was labeled as a Rule 60(b) motion (DE 74), but before the Seventh Circuit he argued at length that it was a miscaptioned § 2255 motion. *George II*, No. 21-1671, DE 7 at 3; DE 12 at 5–8. The Seventh Circuit agreed that his January 2021 motion was "best understood as seeking post-conviction relief," so the longer civil appeal deadline applied. *George II*, No. 21-1671, at *3. Even now, in his opening brief in support of his current motion, Mr. George argued that his January 2021 filing was a § 2255 motion:

> Finally, Petitioner avers that his post conviction motions should have been considered as petitions under § 2255. *U.S. v. Woods*, 169 F.3d 1077 (1999) drives this point by holding that a motion nominally under F.R.C.P. 60(b) must be treated as a petition under § 2255 cause [sic] it made the arguments and sought relief provided by § 2255.

(Def.'s Memo., DE 90 at 4.)

Having insisted all along that his January 2021 motion was filed under § 2255, and having had it reviewed as such by the Court of Appeals, Mr. George may not now disavow his claims. And in any case, his filings speak for themselves, which the Court of Appeals deemed to be "best understood as seeking post-conviction relief." Thus, Mr. George's present motion is a successive collateral attack for which he has not requested or received authorization.

### (3) *Procedural Default*

A habeas petitioner generally cannot assert any issues he might have raised on direct appeal. *See Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017) ("Any claim that could have been raised originally in the trial court and then on direct appeal that is raised for the first time on collateral review is procedurally defaulted."). "Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice."

Mr. George procedurally defaulted any challenge to a consecutive sentence by failing to assert it in his direct appeal. In that appeal, Mr. George's counsel raised the issues of the Guidelines calculation and substantive reasonableness of the reimprisonment term, although counsel noted that any such arguments would be frivolous. *George II*, 672 F. App'x at 603–04. In his pro se response, Mr. George did not challenge his sentence at all, let alone the propriety of a consecutive sentence. *Id.* at 603; 16-1486, DE 14. He thus failed to raise the issue, and he has not argued that he is actually innocent or that he had cause and prejudice for failing to raise this issue on appeal. Accordingly, Mr. George has procedurally defaulted his current claim.

On the other hand, to the extent that Mr. George could be deemed to have raised the consecutive-sentence issue on direct appeal, it could not "be reconsidered on a § 2255 motion absent changed circumstances." *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007). Mr. George does not identify changed circumstances, nor does the record reveal any. Accordingly, his current claim is barred.

**(4)** *Mr. George's Motion is Meritless*

In filing his motion under § 2255, Mr. George ignores that its substance was already found to be meritless by the Court of Appeals: "we deny George's request for certificate of appealability because he has made no substantial showing of the denial of a constitutional right. . . . The district court had the authority to order George's sentence to run consecutively to his yet-to-be-imposed state sentence." *George II*, No. 21-1671, at *3. And to the extent that Mr. George's present motion could be construed under 28 U.S.C. § 2241, the Seventh Circuit already rejected his arguments for lack of exhaustion and because the Bureau of Prisons cannot defy this

8

Court's order. *Id*. Accordingly, even if Mr. George's motion did not suffer from procedural defects, it would still be denied.

### (5) *Certificate of Appealability is Unwarranted*

The Court declines to issue a certificate of appealability. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see Young v. United States*, 523 F.3d 717 (7th Cir. 2008). For the reasons the Court already discussed in denying the motion, the Court does not believe that the resolution of this motion is debatable or that the issues deserve encouragement to keep proceeding.

The Court advises Mr. George, though, that under Rule 22(b) of the Federal Rules of Appellate Procedure, when the district judge denies a certificate of appealability, the applicant may request a circuit judge to issue the certificate. If Mr. George wishes to appeal this judgment, a notice of appeal must be filed within 60 days after the judgment is entered. Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts; Fed. R. App. P. 4(a); *Guyton v. United States*, 453 F.3d 425, 427 (7th Cir. 2006).

### D. Conclusion

For these reasons, the Court DISMISSES Mr. George's motion under § 2255 (DE 81). This order renders MOOT Defendant's Motion for Clarification of Record (DE 92) and Motion to Compel (DE 93). Defendant's "Motion of Memorandum of Law for 2255" (DE 90), although titled as a motion, is really a brief in support of his motion under § 2255 and does not require a disposition.

SO ORDERED.

ENTERED: November 28, 2023

                                                /s/ JON E. DEGUILIO
Judge
United States District Court